THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA
Case No.: 1:25-cv-00810

AMY S. MILLER,

        Plaintiff,

v.

THE SUNBEAM CORPORATION a/k/a
SUNBEAM PRODUCTS, INC.,

        Defendant.

**<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, SUNBEAM PRODUCTS, INC., and THE SUNBEAM CORPORATION, now known as AMERICAN HOUSEHOLD, INC. (collectively "Sunbeam" or "Defendants"), by their attorneys GOLDBERG SEGALLA, LLP and HILL RIVKINS LLP, submits this Notice of Removal from Guilford County Superior Court, North Carolina, in which the above-captioned matter is now pending, to the United States District Court for the Middle District of North Carolina. In support of said Notice, Sunbeam states upon information and belief as follows:

**<u>Procedural History</u>**

1. Plaintiff filed her Complaint (Case No. 25CV015070-400) in the Guilford County Superior Court, North Carolina, on or about July 9, 2025. The Complaint (with service of process information) is attached hereto as **Exhibit A.**

2. The Complaint seeks "Damages in excess of Twenty-Five Thousand Dollars." *Id.*

3. Sunbeam's service of process agent was served on August 8, 2025. *Id.*

4. An index of all pleadings filed in State Court is attached hereto as **Exhibit B.**

IMANAGE\17240\0003\53119843.v3-9/5/25

<u>**Parties**</u>

5.      Plaintiff's Complaint alleges residence in "Guilford County, North Carolina." *Id.* at ¶ 1.

6.      Contrary to the allegations contained in the Complaint (¶ 2), Defendant Sunbeam Products, Inc., is incorporated under the laws of the State of Delaware, with its principal place of business in Atlanta, Georgia. Defendant Sunbeam Corporation is also incorporated under the laws of the State of Delaware, with its principal place of business in Boca Raton, Florida.

7.      Based on the foregoing, full diversity exists between the parties.

<u>**Jurisdiction and Basis for Removal**</u>

8.      This Court has subject-matter jurisdiction of the action pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

9.      For purposes of removal, the amount of controversy is determined as follows:

> "Court may take cognizance of the actual document itself. *See, e.g., Tellabs, Inc., v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) ("[C]ourts must consider the complaint in its entirety," including "documents incorporated . . . by reference."). Moreover, it is amply clear that the Court may consider evidence outside the complaint in order to determine the amount in controversy, such as affidavits and demand letters."

*Wood v. Gen. Dynamics Advanced Info. Sys.*, 2009 U.S. Dist. LEXIS 51517, at \*7-8, 2009 WL 1687967 (M.D.N.C. Jun. 17, 2009) (citations omitted); *see also Am-Rail Constr., Inc. v. A&K R.R. Materials, Inc.*, 2017 U.S. Dist. LEXIS 12706, at \*3, 2017 WL 414382 (M.D.N.C. Jan. 31, 2017) ("*Subsequent paper, or other paper* as referenced in the removal statute, §1446(b)(3), encompasses formal or informal communication, including written settlement and demand letters. *See Yarnevic v. Brink's, Inc.,* 102 F.3d 753, 755 (4th Cir. 1996))."

IMANAGE\17240\0003\53119843.v3-9/5/25

10. Furthermore, to the extent damages are not precisely defined in a Complaint, a court may also consider "the type and extent of the plaintiff's injuries and the possible damages recoverable therefore, including punitive damages if appropriate." *Green v. Caterpillar Inc.*, 2014 U.S. Dist. LEXIS 136211, at *6, 2014 WL 4798705 (W.D.N.C. Sept. 26, 2014) (quoting *Green v. Metal Sales Mfg. Corp.,* 394 F. Supp. 2d 864, 866 (S.D. W.Va. 2005)).

11. By her Complaint, Plaintiff alleges, *inter alia,* that she suffered "third degree burns on and about her buttocks" (Ex. A at ¶ 5) and "permanent scarring" (*Id.* at ¶ 6) entitling her to damages for "pain suffering, medical expense, disfigurement as well as mental anguish" (*Id.* at ¶ 10) and costs of the action.

12. As referenced in Paragraph 9 of the Complaint, Plaintiff's counsel, Kenneth M. Johnson, Esq. served a June 7, 2023 demand letter ("Demand Letter") on Sunbeam's outside counsel, Brent S. Moffett, Esq., in which Plaintiff demanded "the sum of One Hundred Thousand Dollars $100,000.00" for injuries allegedly sustained because of her burn injury. The Declaration of Brent S. Moffett, Esq., dated September 4, 2025, which contains a true and accurate copy of Plaintiff's Demand Letter, is attached hereto as **Exhibit C.**

13. Both the severity of Plaintiff's alleged injuries and Plaintiff's prior settlement demand of $100,000.00 are demonstrative of the fact that the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

14. This Court therefore has subject-matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C § 1332.

15. Venue is proper pursuant to 28 U.S.C. §1441(a) as this is the federal district court for the district embracing the place where the state court suit is pending.

3

16. This Notice of Removal is filed within thirty (30) days of receiving notice that the Complaint has been filed. *See* ¶ 3.

17. As required by 28 U.S.C §1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorney of record, and is being filed with the Clerk of the Court for Guilford County Superior Court, North Carolina.

18. Copies of all process, pleadings, and orders served upon Sunbeam in the Guilford County Superior Court, North Carolina action (Case No. 25CV015070-400), are attached hereto as Exhibits A and B.

**WHEREFORE**, Defendants, SUNBEAM PRODUCTS, INC., and THE SUNBEAM CORPORATION, now known as AMERICAN HOUSEHOLD, INC., files this Notice of Removal so that the entire Guilford County Superior Court, North Carolina court action under Case No. 25CV015070-400, now pending in Guilford County Superior Court for the State of North Carolina, be removed to this Court for all further proceedings.

4

IMANAGE\17240\0003\53119843.v3-9/5/25

**THIS THE 5TH DAY OF SEPTEMBER, 2025.**

**GOLDBERG SEGALLA LLP**

By: /s/ Allegra A. Sinclair
THOMAS M. BUCKLEY
N.C. State Bar No. 26076
ALLEGRA A. SINCLAIR
N.C. Bar No. 44798
421 Fayetteville Street, Suite 1210
Raleigh, NC 27601
Telephone: (919) 582-0801
Facsimile: (919) 582-0899
Email: tbuckley@goldbergsegalla.com
asinclair@goldbergsegalla.com

**HILL RIVKINS LLP**

/s/ Charles M. Henderson III
CHARLES M. HENDERSON, III
(*pro hac vice admission pending*)
45 Broadway, Suite 2110
New York, NY 10006
Telephone: (212) 669-0640
Email: chenderson@hillrivkins.com

Attorneys for Defendant

5

IMANAGE\17240\0003\53119843.v3-9/5/25

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 5th day of September, 2025, the foregoing *Notice of Removal* was filed electronically with the Clerk of Court using the Court's CM/ECF system. Parties may access this filing through the Court's system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel of record.

**Email:** kenjohnsonlaw@gmail.com
Kenneth M. Johnson
Kenneth M. Johnson, P.A.
701 East Market Street
Greensboro, North Carolina 27401
*Attorneys for Plaintiff*

**Email:** chenderson@hillrivkins.com
Charles M. Henderson, III
Hill Rivkins LLP
45 Broadway, Suite 2110
New York, New York 10006
*Attorneys for Defendant (pro hac vice admission pending)*

**GOLDBERG SEGALLA LLP**

By: /s/ Allegra A. Sinclair
    **ALLEGRA A. SINCLAIR**

6

IMANAGE\17240\0003\53119843.v3-9/5/25