IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| AMY S. MILLER,<br><br>Plaintiff,<br><br>v.<br><br>THE SUNBEAM CORPORATION<br>a/k/a SUNBEAM PRODUCTS, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:25CV810 |

**ORDER AND MEMORANDUM OPINION**
**OF UNITED STATES MAGISTRATE JUDGE**

Amy S. Miller filed this personal injury action against The Sunbeam Corporation a/k/a Sunbeam Products, Inc. (Sunbeam) but has failed to participate in discovery as the Court ordered, failed to respond to Sunbeam's discovery requests even after Sunbeam conferred with and afforded Miller's counsel an extension of time to do so, and failed to respond to Sunbeam's motion to compel that is presently before the Court.

The Court grants Sunbeam's motion to compel. **Should Miller fail to comply with this Order in full, she is subject to further sanctions, including dismissal with prejudice**.

## I. STANDARD OF REVIEW

### A. Courts consider a motion uncontested when the non-moving party fails to respond.

"If no response brief is filed within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." L.R. Civ. 7.3(k).

### B. Courts have numerous sanctions available when a party fails to abide by court orders or discovery rules.

"District courts generally have broad discretion in managing discovery, including whether to grant or deny a motion to compel." *Eramo v. Rolling Stone LLC*, 314 F.R.D. 205, 209 (W.D. Va. 2016) (citing *Lone Star Steakhouse & Saloon, Inc. v. Alpha of*

*Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995)). Generally, the party "resisting discovery, not the party moving to compel discovery, bears the burden of persuasion." *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 243 (M.D.N.C. 2010) (collecting cases); *accord Carlton & Harris Chiropractic Inc. v. PDR Network, LLC*, No. 3:15-CV-14887, 2024 WL 1451124, at *2 (S.D.W. Va. Apr. 3, 2024).

Rule 37 of the Federal Rules of Civil Procedure provides a court with numerous options to address a party's failure to obey a court's discovery order and to participate in discovery.

For example, if a court grants a motion to compel, it is *required* to sanction the party or attorney or both with "the movant's reasonable expenses incurred in making the motion, including attorney's fees," subject to certain exceptions. *See* Fed. R. Civ. P. 37(a)(5)(A). Those exceptions include if the movant's failure to resolve the dispute in good faith before involving the court, the non-moving party's failure to respond to discovery was "substantially justified," or sanctions would be unjust due to "other circumstances." *Id.*

Furthermore, if a party fails to obey any discovery order, including a Rule 26(f) order, the court *must* award reasonable expenses and may order any of the following: find certain facts the moving party presents as established for purposes of the action; prohibit the non-moving party from supporting claims, opposing defenses, or introducing certain evidence; strike pleadings; stay proceedings until the non-moving party obeys the court order; dismiss the action in whole or in part; or hold the non-moving party in contempt of court. *See* Fed. R. Civ. P. 37(b)(2)(A), (C).

In addition, if a party fails to make initial disclosures as Rule 26(a) requires, the court may award reasonable expenses; decide that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless;" or "inform the jury of the party's failure." *See* Fed. R. Civ. P. 37(c)(1).

If a party fails to answer interrogatories, the court *must* award reasonable expenses "caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust," and the court may sanction that party as Rule 37(b)(2)(A) provides. *See* Fed. R. Civ. P. 37(d).

Courts have "'wide discretion' in imposing these sanctions." *Glaston Corp. v. Salem Fabrication Techs. Grp., Inc.*, No. 1:21cv942, 2024 WL 3161621, at *5 (M.D.N.C. June 25, 2024) (quoting *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989)). *But see id.* (noting, though, that the discretion narrows when more severe sanctions are proposed).

## II. DISCUSSION

It is difficult to imagine a more egregious failure on the part of a plaintiff to participate in discovery as the Court ordered and the Federal Rules of Civil Procedure and Local Civil Rules require than Miller's.

As an initial matter, Miller has not responded to Sunbeam's March 2, 2026 motion to compel[1] and, as a result, it is uncontested.

Furthermore, the merits of the motion warrant granting the relief that Sunbeam requests. On October 21, 2025, the Court ordered the parties to exchange initial disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before November 5, 2025. *See* Order, Docket Entries 10, 11. Sunbeam served its initial disclosures on November 5, 2025; Miller has never served her initial disclosures. *See* Charles M. Henderson, III Decl. ¶ 8 (Mar. 2, 2026), Docket Entry 16.

Sunbeam served its First Set of Requests for Production of Documents to Plaintiff and First Set of Interrogatories to Plaintiff, and Miller's responses were due January 28, 2026. *See id.* ¶ 10. Miller failed to respond. *See id.* ¶ 11.

On January 29, 2026, Sunbeam's counsel requested a meet-and-confer with Miller's counsel about the outstanding initial disclosures, production of documents, and responses to interrogatories. *See id.* Miller's counsel failed to respond to the request. *See id.* ¶ 12.

On February 5, 2026, Sunbeam's counsel called Miller's counsel. *See id.* Miller's counsel requested an extension to accommodate his trial schedule, and Sunbeam's counsel afforded him until February 26, 2026 to serve the initial disclosures and respond to Sunbeam's initial discovery. *See id.* During the phone call and a subsequent email, Sunbeam's counsel "made clear" that Sunbeam "would 'seek immediate judicial intervention'" if Miller did not comply with the February 26 deadline. *See id.* ¶ 13. Miller never provided her initial disclosures and never responded to Sunbeam's discovery. *See id.* ¶ 14. And nothing before the Court suggests that she has. *See generally* Docket.

Because Miller did not respond to the motion to compel, she concedes that she has no substantial justification for her repeated failures to comply with the Court's discovery Order or her complete inaction in this case since Sunbeam's telephone call with her counsel on February 5, 2026 – more than six months ago.

This is a personal injury/products liability action stemming from third-degree burns Miller allegedly suffered from a Sunbeam warming blanket. *See* Compl., Docket Entry 3. Without any information about Miller's claim

[1] The motion was not referred for decision until July 20, 2026. Even with this additional time during which the motion to compel was pending, Miller did not respond.

other than her allegations or evidence from her about the incident, her blanket, or her injuries, among other things, Sunbeam cannot defend itself in this suit. And now a trial date has been set for February 1, 2027. *See* Notice, Docket Entry 19.

Accordingly, Sunbeam's motion to compel is granted. Miller must serve her Rule 26(a)(1) initial disclosures and responses to Sunbeam's First Set of Requests for Production of Documents to Plaintiff and First Set of Interrogatories to Plaintiff within seven days of the entry of this order.

**Failure to comply fully with this order will result in further sanctions, including possible dismissal of this action with prejudice**. *See, e.g.*, *Teasley v. Tyler Techs., Inc.*, No. 1:24-CV-629, 2025 WL 2374001 (M.D.N.C. Aug. 13, 2025) (dismissing the action with prejudice for violation of orders after the court warned the plaintiff of possible dismissal if she did not comply with the court's order granting the defendant's motion to compel), *appeal filed*, No. 25-2116 (Sept. 19, 2025); *Rue v. Ally Fin., Inc.*, No. 3:10-CV-62-MOC-DSC, 2011 WL 4748284 (W.D.N.C. Sept. 16, 2011) (dismissing the action with prejudice for failure to comply with a court order after the court granted in part the defendants' motion to compel and warned the plaintiff of sanctions, including dismissal, should she not fully comply with the court's order), *report and recommendation adopted*, 2011 WL 4748281 (Oct. 7, 2011).

Miller has made no showing that the award of reasonable costs to Sunbeam is inappropriate. *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii), (b)(2)(C), (d)(3). Therefore, Miller's failure to obey the Court's discovery Order compels such a sanction. *See* Fed. R. Civ. P. 37(b)(2)(C). So, too, does her failure to answer Sunbeam's interrogatories, *see* Fed. R. Civ. P. 37(d)(3), and the Court's granting of Sunbeam's motion to compel. *See* Fed. R. Civ. P. 37(a)(5)(A).

The Court has no information suggesting that Miller herself is responsible for these discovery failures. Accordingly, her counsel is ordered to pay Sunbeam's reasonable expenses, including attorney's fees incurred for (1) the requisite meet-and-confer that was to no avail and (2) the necessary drafting of the motion to compel.

In addition, Miller has now waived any objections to Sunbeam's discovery requests. *Cf.* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Finally, the parties must submit an Amended Joint Rule 26(f) Report within seven days of the entry of this Order adjusting the relevant discovery deadlines. Because this matter is scheduled for trial on February 1, 2027, the report must be mindful of the need to afford Sunbeam sufficient time to develop discovery and the Court's limited judicial resources. **Should Miller fail to participate in the Amended Rule 26(f) Report, she will be further sanctioned for,**

**once again, failing to abide by the Court's order**.

## III. CONCLUSION

The Court **GRANTS** Sunbeam's motion to compel, Docket Entry 15, and **ORDERS** the following:

1. Miller must serve her Rule 26(a)(1) initial disclosures and responses to Sunbeam's First Set of Requests for Production of Documents to Plaintiff and First Set of Interrogatories to Plaintiff within seven days of the entry of this order;
2. Miller's counsel must pay Sunbeam's reasonable expenses, including attorney's fees, incurred from the meet-and-confer and the motion to compel;
3. Miller is deemed to have waived objections to Sunbeam's discovery requests; and
4. The parties must submit an Amended Rule 26(f) Report within seven days of the entry of this order.

JoAnna Gibson McFadden
United States Magistrate Judge

August 20, 2026
Durham, North Carolina